TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
SONAH LEE (Cal. Bar No. 246024)
Assistant United States Attorney
Riverside Office
    3403 Tenth Street Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6924
    Facsimile: (951) 276-6202
    E-mail:   sonah.lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>      Plaintiff, <br><br>      v. <br><br> JUAN PABLO MUNOZ-HERNANDEZ, <br><br>      Defendant. | No. ED CR 25-000232(A)-SSS <br><br> <u>UNITED STATES' SENTENCING POSITION</u> <br><br> Hearing Date: 12/19/2025 <br> Hearing Time: 9:00 AM |

    Plaintiff United States of America, by and through its counsel of record, First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Sonah Lee, files its sentencing position concerning defendant Juan Pablo Munoz-Hernandez ("defendant"). This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

    The United States respectfully requests the opportunity to supplement its position or respond to any positions asserted by the

defense or the United States Probation and Pretrial Services Office as may become necessary.

Dated: December 8, 2025          Respectfully submitted,

                                 TODD BLANCHE
                                 Deputy Attorney General

                                 BILAL A. ESSAYLI
                                 First Assistant United States Attorney

                                 ALEXANDER B. SCWAHB
                                 Assistant United States Attorney
                                 Acting Chief, Criminal Division

                                     /s/ Sonah Lee
                                 SONAH LEE
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Juan Pablo Munoz-Hernandez fled from Immigration and Customs Enforcement ("ICE") Officers by hiding in a bathroom stall, and then physically assaulted and injured an ICE officer.  For this, he has pleaded guilty to Assaulting a Federal Officer with a written plea agreement.  (ECF 17.)

On November 14, 2025, the United States Probation and Pretrial Services Office filed its Recommendation Letter ("RL," ECF 28) and Presentence Investigation Report ("PSR," ECF 29).  The PSR calculated a total Guidelines offense level of 13 and a Criminal History Category of I, resulting in a Guidelines range of 12 to 18 months' imprisonment.  (PSR ¶¶ 30, 36-37, 68.)  Probation recommends that defendant be sentenced to 12 months and a day, followed by three years of supervised release.  (RL at 1.)

The United States concurs with the PSR's calculations of the total offense level, defendant's criminal history, and the Guidelines range.

The United States also requests that defendant be sentenced as follows: (i) imprisonment of 12 months and a day; (ii) three years of supervised release; (iii) a $100 mandatory special assessment; and (iv) that all fines be waived.  The United States has requested, but has not yet received documentation for restitution from the victim officer in this case.  Should the United States receive such documentation, it will forward such to the counsel for defendant and attempt to reach a stipulation for restitution.

Such a sentence is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

## II.   STATEMENT OF FACTS

On June 28, 2025, ICE Officers were conducting an immigration enforcement operation at the San Bernardino County Jail, when defendant, who was being released from the jail, saw the ICE officers, and then ran immediately back into the jail to hide in a lobby bathroom. (PSR ¶9.) The ICE officers found defendant and another individual hiding in the bathroom stall and ordered them to come out of the bathroom stall. (Id. ¶ 10.) A physical struggle ensued, during which defendant hit an officer multiple times in his face, and the officer had his hand smashed against a bathroom stall door during the struggle. (Id. ¶ 11.) ICE officers subdued defendant by using a taser. (Id. ¶ 12.) The officer who had been assaulted by defendant was later diagnosed with a fractured finger and laceration. (Id. ¶ 13.)

## III.    PROBATION'S GUIDELINES CALCULATIONS AND RECOMMENDATION

On November 14, 2025, Probation issued its Recommendation Letter and disclosed the PSR to the parties. (ECF 28, 29.) The United States agrees with the USPO that defendant's properly calculated Criminal History Category is I. (PSR ¶¶ 36-37.)

The USPO calculated defendant's Total Offense Level as follows:

| Base Offense Level | 10 | USSG § 2A2.4(1) |
|---|---|---|
| Physical Contact | +3 | USSG § 2A2.4(b)(1) |
| Bodily Injury | +2 | USSG § 2A2.4(b)(2) |
| Acceptance of Responsibility | -2 | USSG §§ 3E1.1(a) |
| Total Offense Level | 13 | 12-18 months |

(PSR ¶¶ 19-30.) The United States concurs with these adjustments and the total guideline range as stated in the PSR.

2

**IV.   The RECOMMENDED SENTENCE IS JUST AND APPROPRIATE**

The United States respectfully recommends that the Court impose the following sentence: (i) imprisonment of 12 months and a day; (ii) three years of supervised release following release from prison, (iii) a $100 mandatory special assessment, and (iv) that all fines are waived.  Such a sentence, which is the low end of the Guidelines range, is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

Assaulting a federal officer is a serious crime and the nature of the offense involved physical violence, assault against a law enforcement officer resulting in bodily injury.  There are, however, several mitigating factors that warrant the low-end recommendation of 12 months and a day.  First, defendant has minimal criminal history. (PSR ¶¶ 36-38.)  Second, although the guideline enhancements have been correctly calculated in this case, the United States is cognizant of the fact that bodily injury involved in this case is on the less severe end on the spectrum of bodily injuries.  Third, defendant promptly notified the government of his intention to plead guilty in this case.  Balancing all these factors, a sentence of 12 months and a day is just and appropriate here.

**V.   CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court impose the following sentence on defendant: (i) imprisonment of 12 months and a day; (ii) three years of supervised release; (iii) a $100 mandatory special assessment; and (iv) that all fines be waived.

3